Case 1:23-cv-00199-HSO-LGI   Document 14   Filed 05/31/24   Page 1 of 7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**EUGENE MICHAEL BUTLER**                                           **PETITIONER**

**V.**                                      **CIVIL ACTION NO. 1:23-cv-199-HSO-LGI**

**STATE OF MISSISSIPPI and**
**BURL CAIN**                                                    **RESPONDENTS**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Eugene Butler files this petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondents move to dismiss the petition for failure to exhaust state court remedies under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Having reviewed the record and all applicable law, the undersigned recommends that the petition be dismissed unless Butler amends his petition to omit his unexhausted claims.

Butler was convicted of culpable negligence manslaughter following a fatal boating accident. He was sentenced by the Circuit Court of Hancock County, Mississippi, as a habitual offender to a twelve-year term of imprisonment in the Mississippi Department of Corrections ("MDOC"). The Mississippi Court of Appeals affirmed the conviction and sentence, rejecting Butler's appellate claims that evidence of the other boater's drug use was erroneously excluded, and challenging the sufficiency of evidence supporting his conviction. *Butler v. State*, 354 So. 3d 308 (Miss. Ct. App.), *reh'g denied* (June 21, 2022), *cert. granted,* 348 So. 3d 332 (Miss. 2022), and *cert. granted,* 353 So. 3d 1098 (Miss. 2023) (Miss. Ct. App.), *reh'g denied* (June 21, 2022),

*cert. granted,* 348 So. 3d 332 (Miss. 2022), and *cert. dismissed,* 353 So. 3d 1098 (Miss. 2023). Butler's motion for rehearing was later denied. Aggrieved, Butler petitioned for certiorari review.

As his sole claim, he challenged the appellate court's holding that the "trial court did not err in prohibiting the admission of evidence regarding drug use by the State's key witness at the time of the accident." Butler argued that denying him the opportunity to present evidence of the boater's drug use "deprived him of his constitutional rights to assert a theory of defense as well as his opportunity to fully confront witnesses against him." Petitions filed by the International Institute for Legal Writing and Reasoning for leave to file amicus briefs on Butler's behalf were denied. After initially granting certiorari, the Mississippi Supreme Court dismissed the certiorari petition finding no further review necessary. Butler has not yet sought state post-conviction collateral relief.

Butler now files the instant petition and raises six grounds for relief. Liberally construed, only the first two were raised in the state's highest court. The remaining are raised for the first time here:

| | |
|---|---|
| Ground One: | Whether the State violated the U.S. Supreme Court judgment in *Brady v. Maryland*, the petitioner's Constitutional right to a trial by jury, and Mississippi Court precedent by deciding a critical question of fact in limine with no jury present. |
| Ground Two: | Whether the exclusion of Mr. Necaise's admission was based on a misinterpretation of the Mississippi Rules of Evidence and a violation of *Brady v. Maryland*. |
| Ground Three: | Whether by withholding a highly emotional witness statement that was in its possession when it added the father of the deceased to its witness [list], the State |

|  |  |
|---|---|
|  | violated Mississippi Rules of Criminal Procedure and *Brady v. Maryland*. |
| Ground Four: | Whether the State's "constellation" of allegedly culpable acts and omissions violated precedent and enabled the jury to return a verdict without unanimity on any specific act or omission. |
| Ground Five: | Whether the evidence, viewed in the light most favorable to the prosecution, was insufficient to disprove the petitioner's version of events leading up to the collision. |
| Ground Six: | Whether the jury instructions were inadequate, erroneous and prejudicial. |

As noted, only the arguments in Grounds One and Two challenging the exclusion of evidence of the other boater's drug use appear to have been fully exhausted. The arguments charging a *Brady* violation in Grounds One and Two, however, were not fairly presented to the state's highest court.

The law is well settled. Applicants seeking federal habeas relief under 28 U.S.C. § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.[1] *Parr v. Quarterman*, 472 F.3d 245 (5th Cir. 2006). To satisfy the

---

[1] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
>
>  (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>  (B)(i) there is an absence of available State corrective process; or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A habeas petitioner who has failed to exhaust all his post-conviction remedies has asserted no cognizable right to federal habeas relief under § 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

Relevant here, Butler contends that his habeas petition should go forward because his claims were all raised in state court. Some, he contends, were raised in his motion for JNOV before the trial court, some in his appellate brief before the Mississippi Court of Appeals, and others in the amicus briefs submitted for certiorari review before the Mississippi Supreme Court—the state's highest court. But exhaustion is not met by merely by raising an issue. As the Fifth Circuit has explained:

> [W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly exhausted* those remedies, i.e., whether he has *fairly presented* his claims to the state courts. **To fairly present the claims, the applicant must present his claims in a procedurally correct manner. Fair presentation does not entertain presenting claims for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor.** The purposes of the exhaustion requirement would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the

---

. . . .

(c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

4

state court could not, consistent with its own procedural rules, have entertained it.

*Carty v. Thaler*, 583 F.3d 244, 254 (5th Cir. 2009) (emphasis added; citations and quotation marks omitted). Butler acknowledges that the state's highest court denied the requests to file amicus briefs on procedural grounds. And though he notes the court of appeals considered multiple issues on appeal, he presented only one for certiorari review. Likewise, any claims raised in his JNOV that were not raised for appellate consideration were not fairly presented.

Still, Butler argues that requiring him "to submit his assignments of error to courts that have already ignored or denied them on erroneous grounds or no grounds at all would be an exercise in futility and a patent injustice." But he cannot bypass exhaustion because he fears it would be futile. Nor can he avoid it because state courts have not previously ruled in his favor. "[T]he most dominant and important concern of exhaustion is that of comity: State courts should have the first opportunity to make right their mistakes." *Deters v. Collins*, 985 F.2d 789, 794 (5th Cir. 1993). Only when circumstances render the "available State corrective process" "ineffective to protect the rights of the applicant" will exhaustion be excused—a showing that has not been made here. § 2254(b)(1)(B); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

However, Butler may exhaust his unexhausted claims by seeking post-conviction collateral review in state court.[2] *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004)

---

[2] Butler does not request that this matter be held in abeyance pending his exhaustion and he has identified no circumstances warranting same. *Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) (holding that district courts have discretion to stay-and-abate petitions containing both exhausted and unexhausted claims).

("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."). Under the Mississippi Uniform Post-Conviction Collateral Act, he has three years from the date his direct appeal ended in which to move for post-conviction ***collateral*** relief. Miss. Code Ann. § 99-39-1, *et seq*. Butler is cautioned, however, that any attempt to re-file a petition for federal habeas relief after exhaustion in state court would likely be dismissed as untimely. The filing of the instant petition did not toll the one-year statute of federal limitations.[3]

In the interim, Butler may avoid dismissal of his present petition by amending it to omit his unexhausted claims. *See Rhines*, 544 U.S. at 278 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that a stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain habeas relief."). The undersigned therefore recommends that Butler be given 14 days in which to file an amended petition that includes only his exhausted claims in Grounds One and Two. Should he fail to amend within the required time, the undersigned recommends that the

---

[3] A conviction becomes final for habeas corpus purposes when direct review is complete. 28 U.S.C. § 2244(d)(1)(a).

entire petition be dismissed without prejudice for failure to exhaust his administrative remedies without further notice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. The opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection within 7 days of the service of the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, will bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on May 31, 2024.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
