## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **EUGENE MICHAEL BUTLER** | § | **PETITIONER** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:23cv199-HSO-LGI** |
| | § | |
| | § | |
| **STATE OF MISSISSIPPI and** | § | |
| **BURL CAIN** | § | **RESPONDENTS** |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [14] AND DENYING DEFENDANTS' MOTION [6] TO DISMISS WITHOUT PREJUDICE

This matter comes before the Court on the Report and Recommendation [14] of United States Magistrate Judge LaKeysha Greer Isaac, entered in this case on May 31, 2024. The Magistrate Judge recommended that this case be dismissed unless Petitioner Eugene Michael Butler amended his petition to omit his unexhausted claims. On June 18, 2024, Petitioner submitted an Amended Petition [16] for Habeas Corpus. After due consideration of the Report and Recommendation [14], the Amended Petition [16], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation should be adopted as the opinion of this Court, that the matter should proceed on the Amended Petition [16], and that the pending Motion [6] to Dismiss should be denied without prejudice.

1

## I.  BACKGROUND

On August 14, 2023, Petitioner Eugene Michael Butler ("Petitioner"), acting

pro se, filed his Petition [1-1] for Writ of Habeas Corpus under 28 U.S.C. § 2254

against Respondents State of Mississippi and Burl Cain (collectively

"Respondents"). *See* Petition [1-1]. The Petition [1-1] arises out of a boating incident

during which Petitioner's boat collided with another boat, killing one of its

passengers. *Id.* at 6. Petitioner was subsequently charged with and convicted of

manslaughter in the Circuit Court of Hancock County, Mississippi, and was

sentenced to serve twelve years in prison. Sentencing Order [6-1]. Petitioner's

conviction was affirmed by the Mississippi Court of Appeals on March 22, 2022, and

the Mississippi Supreme Court denied his petition for certiorari on January 18,

2023. Petition [1-1] at 5; *see also* State Court Record [7-13] at 1.

The Petition [1-1] raised six issues:

ISSUE ONE: Whether the State violated the U.S. Supreme Court
judgment in *Brady v. Maryland*, the petitioner's Constitutional right to
a trial by jury, and Mississippi Supreme Court precedent by deciding a
critical question of fact *in limine* with no jury present.

ISSUE TWO: Whether the exclusion of Mr. Necaise's admission was
based on a misinterpretation of the Mississippi Rules of Evidence and a
violation of *Brady v. Maryland*.

ISSUE THREE: Whether by withholding a highly emotional witness
statement that was in its possession when it added the father of the
deceased to its witness [list], the State violated Mississippi Rules of
Criminal Procedure and *Brady v. Maryland*.

ISSUE FOUR: Whether the State's "constellation" of allegedly culpable
acts and omissions violated precedent and enabled the jury to return a
verdict without unanimity on any specific act or omission.

ISSUE FIVE: Whether the evidence, viewed in the light most favorable to the prosecution, was insufficient to disprove the petitioner's version of events leading up to the collision.

ISSUE SIX: Whether the jury instructions were inadequate, erroneous and prejudicial.

*Id.* at 8-9. Respondents filed a Motion [6] to Dismiss on October 16, 2023, contending that Petitioner had failed to properly exhaust his claims in state court. *See* Mot. [6].

On May 31, 2024, the Magistrate Judge entered a Report and Recommendation [14], finding that Petitioner had failed to properly exhaust his *Brady* claims and issues three, four, five, and six. R. & R. [14] at 3-5. In other words, the Magistrate Judge found that only issues one and two were exhausted, and only to the extent they did not raise *Brady* claims. *Id.* The Magistrate Judge recommended "that Butler be given 14 days in which to file an amended petition that includes only his exhausted claims in Grounds One and Two" and that, should he fail to amend, "the entire petition be dismissed without prejudice for failure to exhaust his administrative remedies without further notice." *Id.* at 6-7. The Report and Recommendation [14] was mailed to Petitioner at his address of record. On May 17, 2024, Petitioner filed a Motion [15] for Extension of Time to File Response to the Report and Recommendation [14], which was granted. *See* Text Only Order, June 18, 2024. However, after the Court granted Petitioner's Motion [15], he filed an Amended Petition [16] for Habeas Corpus which appears to conform to the Report and Recommendation [14]. Petitioner has filed no other response or objection to the Report and Recommendation [14].

3

## II. <u>DISCUSSION</u>

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

While Petitioner still has time to file objections to the Report and Recommendation [14], any objection would be moot in light of the Petitioner's subsequent compliance with the Report and Recommendation [14]. *See Sierra Club v. Glickman,* 156 F.3d 606, 619-20 (5th Cir. 1998) (holding that appellants' compliance with a court order mooted the appeal of that order). Therefore, the Court may and will review the Report and Recommendation [14] for clear error. The Court, having conducted the required review, concludes that the Magistrate Judge's Report and Recommendation [14] is neither clearly erroneous nor contrary to law, and that the Report and Recommendation [14] should be adopted as the opinion of the Court, particularly since Petitioner has now filed an Amended Petition [16].

## III. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [14] entered in this case on May 31, 2024, is

adopted as the opinion of this Court, and this matter will proceed on the Amended

Petition [16] for Habeas Corpus.

**IT IS, FUTHER, ORDERED AND ADJUDGED** that, Defendants State of

Mississippi and Burl Cain's Motion [6] to Dismiss is **DENIED WITHOUT**

**PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 21st day of June, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE