**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **EUGENE MICHAEL BUTLER** | § | **PETITIONER** |
| | § | |
| **v.** | § | **Civil No. 1:23-cv-199-HSO-LGI** |
| | § | |
| **STATE OF MISSISSIPPI and BURL** | § | |
| **CAIN** | § | **RESPONDENTS** |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [27] AND DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS WITH PREJUDICE**

This matter comes before the Court on United States Magistrate Judge
LaKeysha Greer Isaac's Report and Recommendation [27], entered in this case on
July 6, 2026.  The Magistrate Judge recommended that Petitioner Eugene Michael
Butler's Amended Petition [16] under 28 U.S.C. § 2254 for Writ of Habeas Corpus
be denied.  *See* R. & R. [27] at 25.  Petitioner has not objected to the Report and
Recommendation [27], and the time for doing so has passed.  After due
consideration of the Report and Recommendation [27], the record, and relevant
legal authority, the Court finds that the Magistrate Judge's Report and
Recommendation [27] should be adopted and that Butler's Amended Petition [16]
under 28 U.S.C. § 2254 for Writ of Habeas Corpus should be dismissed with
prejudice.

## I.  BACKGROUND

Petitioner Eugene Michael Butler ("Petitioner" or "Butler") was charged with
and convicted of culpable negligent manslaughter in the Circuit Court of Hancock
County, Mississippi, following a boating incident during which Butler's boat collided

with another boat, killing one of its passengers. *See* Am. Petition [16] at 6; Petition [1] at 6. Following his conviction, Butler was sentenced to a twelve-year term imprisonment. *See* Petition [1] at 1. His conviction was affirmed by the Mississippi Court of Appeals on March 22, 2022, and the Mississippi Supreme Court denied his petition for certiorari on January 18, 2023. Br. [1-1] at 5.

Butler previously raised six grounds for relief in this Court, *see id.* at 8-9, but because he had only exhausted his state-court remedies as to two of them, the Magistrate Judge issued a Report and Recommendation [14] recommending that the petition be dismissed for failure to exhaust unless he withdrew his unexhausted claims, *see* R. & R. [14] at 6-7. The undersigned adopted the Magistrate Judge's Report and Recommendation [14], *see* Ord. [17], and Butler timely filed an Amended Petition [16] containing only the two exhausted claims:

| | |
|---|---|
| Ground One: | Whether petitioner was denied his Constitutional rights when the trial court decided a critical question of fact in limine and prevented petitioner from having the opportunity to effectively cross examine the State's chief witness against him. |
| Ground Two: | Whether the exclusion of Mr. Necaise's admission was based on a misrepresentation of the Mississippi Rules of Evidence. |

Am. Petition [16] at 9.

On July 6, 2026, the Magistrate Judge entered a Report and Recommendation [27] recommending that the Amended Petition [16] be dismissed with prejudice, concluding that the state court's decision to exclude certain evidence was not contrary to clearly established federal law, *see* R. & R. [27] at 23, and that even if the state court did err, the error did not have a "substantial and injurious

2

effect or influence in determining the jury's verdict," *id.* (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993)).  The Magistrate Judge further noted that, even if the excluded evidence had been admitted, there was sufficient evidence for the jury to find Butler guilty beyond a reasonable doubt.  *See id.* at 24.  Although a copy of the Report and Recommendation [27] was mailed to Petitioner at his address of record, it was returned as undeliverable.  *See* Docket Entry entered on July 16, 2026.  "[I]t is the responsibility of even incarcerated litigants to inform the court of a change of address," and Butler has failed to do so.  *Wade v. Farmers Ins. Grp.*, 45 F. App'x 323, 323 n.12 (5th Cir. 2002) (per curiam); *see also* L.U. Civ. R. 11(a).  Butler has not otherwise objected to the Report and Recommendation [27], and the time for doing so has passed.

## II.  DISCUSSION

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a de novo review of it.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law.  *See id.*  The Court agrees that the state court's

decision to exclude certain evidence did not contradict or unreasonably apply clearly established federal law.  *See* R. & R. [27] at 23.  And the Court also agrees that any error did not have a "substantial and injurious effect or influence in determining the jury's verdict," *id.* at 23 (quoting *Brecht*, 507 U.S. at 638), and that, even if the excluded evidence had been admitted, there was sufficient evidence for the jury to find Butler guilty beyond a reasonable doubt, *see id.* at 24.  The Court will therefore adopt the Magistrate Judge's Report and Recommendation [27] as the opinion of this Court and dismiss the Amended Petition for Writ of Habeas Corpus [16] with prejudice.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [27] of United States Magistrate Judge LaKeysha Greer Isaac, entered in this case on July 6, 2026, is **ADOPTED** as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Eugene Michael Butler's Amended Petition [16] under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**.  The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 28th day of July, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

4